## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **HAROLD MARVIN WADE** )<br>468 Girard St. #103 )<br>Gaithersburg, Maryland 20877 )<br> )<br>**TEQUILA MYERS** )<br>8734 Ritchboro Rd. )<br>District Heights, Maryland )<br> )<br>**PLAINTIFFS** )<br>v. )<br> )<br>**CBH HEALTH, LLC** )<br> )<br>Serve: The Corporation Trust Inc. )<br>2405 York Road, Suite 201 )<br>Lutherville Timonium, MD 21093 )<br> )<br>**ROBERT LITMAN, M.D.,** )<br>Serve: The Corporation Trust Inc. )<br>2405 York Road, Suite 201 )<br>Lutherville Timonium, MD 21903 )<br> )<br>**BARTON AZWALINSKY,** )<br>Serve: The Corporation Trust Inc. )<br>2405 York Road, Suite 201 )<br>Lutherville Timonium, MD 21903 )<br> )<br>**DEFENDANTS** ) | Civil Action No. _____ |

---

## COMPLAINT

Harold Marvin Wade and Tequila Myers (hereinafter "Plaintiff(s)"), by and through their

undersigned counsel, Deyka Williams Spencer, The Spencer Firm, LLC, hereby bring suit

against CBH Health, LLC, Robert Litman M.D., and Barton Azwalinsky (hereinafter collectively

referred to as "Defendants") for violations of the Fair Labor Standards Act of 1938, (FLSA) and

the Equal Pay Act of 1963, as amended, 29 U.S.C. §§ 201, *et. seq.* ); the Maryland Wage and

Hour Law, §§3-401 *et. seq.* ("MWHL"); and the Maryland Wage Payment and Collection law, §§ 3-501 *et. seq*. ("MWPCL").

## PARTIES AND JURISDICTION

1.      The Plaintiffs are adults, over twenty-one years of age, and are residents of Gaithersburg, Maryland and District Heights, Maryland respectively. Plaintiffs worked for Defendants in Gaithersburg, Maryland.

2.      At all relevant times, Plaintiffs were employees of Defendants, as defined by the FLSA, for whom Defendants suffered and/or permitted Plaintiffs to work without paying them overtime, in violation of Federal and State law.

3.      At all relevant times, Plaintiff Myers was employed by Defendants, as defined by the FLSA and the Equal Pay Act, for whom Defendants denied equal pay for equal work as the sole female driver, in violation of Federal law.

4.      At all relevant times, Plaintiffs were employed by Defendants, as defined by the FLSA, who Defendants suffered or permitted to without properly paying Plaintiff's overtime in violation of Federal and State law.

5.      Defendant, CBH Health, LLC, is a Maryland limited liability company registered in the State of Maryland with its principal place of business in the State of Maryland.

6.      At all relevant times, Defendant, CBH Health, LLC, was the "employer of Plaintiffs, as defined by the FSLA.

7.      Upon information and belief, CBH Health, LLC, is owned and operated by its founder and co-founder as managing members: Robert Litman, M.D. ("Litman"), and Barton Azwalinski ("Azwalinski"), Chief Executive Officer, respectively.

2

8.      At all times relevant to this Complaint, Defendants Litman and Azwalinski acted directly and/or indirectly in the interest of CBH Health, LLC in relation to Plaintiffs.

9.      At all times relevant, Defendants Litman and Azwalinski controlled the hours that Plaintiffs worked, the manner in which they were paid, and the conditions of their employment.

10.     At all times relevant, Defendants Litman and Azwalinski had the power to hire, fire, suspend, and otherwise discipline Plaintiffs.

11.     Defendants Litman and Azwalinski are an employer within the meaning of the FLSA.

12.     At all times relevant, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA - 29 U.S.C. § 203(s)(1)(B).

13.     At all times relevant, Defendants qualified as an "enterprise" within the meaning of the FLSA - 29 U.S.C. § 203(r).

14.     At all times relevant, Defendants employed two or more employees who handled goods that had previously moved through commerce.

15.     At all times relevant, Defendants has had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

16.     At all times relevant to the present case, Defendants regularly carried on business in Gaithersburg, Maryland.

### STATEMENT OF FACTS

17.     Plaintiff Harold Marvin Wade began working for Defendants on June 22, 2015 and Plaintiff Tequila Myers began on November 23, 2015.

18.     Both Plaintiffs performed transportation duties as driver and non-exempt activities. Plaintiffs' duties included picking up and dropping off clients, driving to grocery stores to pick up and drop off items needed for clients, including meals, cleaning the van, running other errands, assisting in cleaning nursing areas when on the road. Plaintiffs' duties also consisted of consisted of cleaning, general maintenance, food preparation, cooking and various other similar operational duties while at the facility.

19.     Drivers, including Plaintiffs, were not compensated for hours driving to pick up their first patient and dropping off their last patient.

20.     The drivers including Plaintiff Wade and Myers were allowed to use the company credit card for minor personal purchases as long as they identified what items were purchased.

21.     There was no prior issue with Plaintiff Wade's usage of the card for purchasing items until after he complained to management about his misclassification.

22.     Plaintiff Wade was an awarded employee. He complained to management that he was being misclassified as exempt and that he was entitled to overtime.

23.     A few days after Plaintiff Wade made the misclassification complaint to management, he received a write-up for card misuse and was subsequently terminated.

24.     Plaintiff Wade served as a driver until he was terminated on April 7, 2019 for alleged credit card misuse only several weeks after his misclassification meeting.

25.     Plaintiff Meyers served as a driver until she was terminated August 4, 2020 after being furloughed on June 19, 2020.

26.     Plaintiff Wade worked five (5) days a week for approximately twelve (12) hours per day. His pay rate was $18.03 an hour. He was not paid overtime.

27.    Plaintiff Myers worked five days a week and worked approximately 45-60 hours per week.

28.    Plaintiff Myers upon hire earned $15.00 per hour (roughly 29,000 salaried) which increased to $16.00 an hour (breakdown of salary pay), and then $18.51 towards the end of her employment. Ms. Myers was converted to hourly on or about August 2019 and prevented from working more than 40 hours of overtime after complaining about not being paid for overtime.

29.    Ms. Myers was still working at least one hour per day without compensation because she was told she could not start her hourly time until after she picked up the first patient.

30.    Ms. Myers drove from Gaithersburg, Maryland to Baltimore Maryland or District of Columbia to pick up patients in the mornings. The drive would take her one hour or more regardless of the location (Baltimore or DC) from Gaithersburg, Maryland.

31.    She was told she could not be compensated until she arrived at the patient's home to pick them up.

32.    Ms. Myers was not compensated for the time that she worked driving to pick up her first patient every day of the week.

33.    Other male drivers with substantially less experience than Ms. Myers were hired in at $16.51 an hour and their pay was increased to $18.51 an hour shortly after hire. Thus, Plaintiff Myer made substantially less than her male comparators—on average $5,000.00 less a year with less experience.

34.    Male drivers who made more than Plaintiff Myers include, but are not limited to Harold, Levi, and David. David, who is the brother-in-law to the owner of the company, is being paid $30.00 per hour.

35.     Further, Plaintiff Wade was denied breaks and meal breaks. Plaintiffs lunch breaks were dependent on others' availability. Generally, if he took lunch, he was forced to take "rolling meal breaks" – eating while driving.

36.     Plaintiff Wade worked approximately 60 hours per workweek and was not paid overtime for hours worked in excess of forty (40) hours per workweek.

37.     Plaintiff Myers work approximately 60 hours per workweek and was not paid overtime for the hours worked in excess of forty (40) hours per workweek except for sometime after July or August of 2019.

38.     Plaintiffs are non-exempt workers under the FLSA.

39.     Defendants never paid Plaintiffs time and half their regular rate for any hours worked in excess of forty hours within a workweek.

40.     Defendants denied Plaintiffs proper work breaks and meal breaks.

41.     Plaintiffs have made Defendants aware that they are in violation of the FLSA and Maryland wage laws; however, Defendants disputed the classification status of Plaintiff Wade and failed to respond to any claims made by Plaintiff Myers.

42.     At minimum, Plaintiff Wade is owed roughly $38,396.80 in damages solely for overtime violations.

43.     At minimum, Plaintiff Wade is owed $6,400.65 for unpaid wages.

44.     At a minimum, Plaintiff Myers is owed roughly $60,243.20 in unpaid overtime damages.

45.     At minimum, Plaintiff Myers is owed roughly $10,950.60 in unpaid wages.

46.     The Defendants had a time keeping method that if kept in their records as mandated by the wage laws, will provide for a more accurate accounting of hours worked assuming they reported the hours that the Plaintiffs inserted in their system for work.

47.     Defendants used a time keeping system named Paylocity along with two other systems.

48.     Defendants' failure and refusal to pay Plaintiffs time and a half for the hours they worked over forty in a workweek was willful, intentional, and not in good faith; nor was it predicated on any reasonable grounds.

49.     Defendants' failure to pay Plaintiff Myers equal pay for equal work compared to male comparators was willful, intentional, and not in good faith; nor was is predicated on any reasonable grounds.

## COUNT ONE - FAILURE TO PAY OVERTIME
### (Violation of FLSA  29 U.S.C. §§ 201 *et. seq.*)

50.     Plaintiffs hereby incorporate each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

51.    Defendants failed to pay wages and overtime owed to the Plaintiff, in violation of the FLSA, 29 U.S.C. §201, *et. seq.*

52.     Defendants' failure to pay Plaintiffs' wages and overtime, as required by the FLSA, was willful, intentional and not in good faith.  Defendants either knew or showed a reckless disregard for whether their conduct was prohibited by statute.

53.     Defendants' failure to comply with the FLSA overtime protections caused Plaintiffs to suffer a loss of wages and interest therein.

## COUNT TWO- FAILURE TO PAY OVERTIME
### (MWHL – Md. Code Lab. & Empl. §§ 3-401 *et seq.*)

54.      Plaintiffs hereby incorporate each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

55.      At all relevant times to this Complaint, Defendants violated the overtime provisions of the MWHL, Md. Code Ann., Labor and Empl. §§ 3-401, *et seq.*, by failing to pay Plaintiffs their full and earned overtime wages at time and a half their regular rate of pay for each hour over forty (40) that they worked in a particular workweek.

56.      Defendants failed to pay Plaintiffs all wages due during a relevant pay period.

57.      Defendants' failure to comply with the Maryland wage and hour protections caused Plaintiffs to suffer a loss of wages and interests therein.

58.      Defendants' failure and refusal to pay these wages due to Plaintiffs was willful, deliberate and intentional and was not the result of any *bona fide* dispute.

## COUNT THREE- FAILURE TO PAY WAGES
### (MWPCL – Md. Code Lab. & Empl. §§ 3-501 *et seq.*)

59.      Plaintiffs hereby incorporate each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

60.      Defendants failed to pay Plaintiffs all the wages they were due each pay period in violation of the MWPCL, Md. Code Ann., Labor & Empl. §§ 3-501 *et seq.*

61.      Defendants failed to pay Plaintiffs all wages due during a relevant pay period.

62.      Defendants' failure to comply with the Maryland wage and hour protections caused Plaintiffs to suffer a loss of wages and interests thereon.

63.      Defendants' failure and refusal to pay these wages due to Plaintiffs was willful, deliberate and intentional and was not the result of any *bona fide* dispute.

## COUNT FOUR- RETALIATION

**Maryland Wage and Hour Law - Md. Code Lab. & Empl. §§ 3-401 et. seq. & FLSA 29 U.S.C. §215(a)(3)**

64. Plaintiff Wade hereby incorporates each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

65. Plaintiff Wade engaged in statutorily protected activity when he complained to Defendants about his misclassification and not being paid properly for time worked because of no overtime pay.

66. Defendants unlawfully terminated Plaintiff Wade for engaging in statutorily protected activity.

**COUNT FIVE-RETALIATION**

**(Violation of FLSA 29 U.S.C. § 215(a)(3)**

67. Plaintiff hereby incorporates each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

68. Plaintiff Wade suffered an adverse employment action when Defendants terminated him after he complained about his misclassification and not being paid properly for time worked because of no overtime pay.

69. Plaintiff suffered additional emotional stress as a result of being unemployed and experiencing retaliation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that Judgment be entered against all Defendants, jointly and severally; enjoin Defendants to comply with all applicable wage laws,

a.        For the amount of the unpaid overtime compensation due to Plaintiffs.

b.      For the amount of the unpaid wages due to Plaintiffs.

c.      For the amount due in pay disparity based on gender for Plaintiff Myers.

d.      For an additional amount of liquidated damages equal to treble the unpaid wages and overtime compensation.

e.      For compensatory damages and pain and suffering resulting from retaliatory termination of Plaintiff Wade.

d.      For Plaintiff's reasonable attorneys' fees, expenses, and costs incurred in this action as authorized by 29 U.S.C.§ 216(b).

e.      For such other further relief as this Court may deem appropriate.

## **JURY TRIAL DEMAND**

The Plaintiffs demand a jury trial.

Dated this 9th  day of December 2020                Respectfully submitted,

_____/s/_____
Deyka Williams Spencer
The Spencer Firm, LLC.
Bar Number: 979180
2275 Research Blvd. Suite 500
Rockville, MD 20850
Telephone: 301-637-2866
Fax: 866-686-2126
dspencer@spencer-firm.com